UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DENNIS ROSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1896 (PLF) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

ORDER

This matter comes before the Court on plaintiff Dennis Rose's Objection to Conversion and Motion to Submit for Decision. Plaintiff filed, *pro se*, a complaint in this matter on September 23, 2005, alleging that Defendant, the United State of America, acting through the Internal Revenue Service, violated various sections of Title 26 of the United States Code in its assessment and collection of taxes owed. Mr. Rose invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a remedy for certain violations of Title 26 by way of a civil action filed "in a district court of the United States." 26 U.S.C. § 7433 (2005).

Mr. Rose first objects to "the Clerks [sic] conversion of the . . . matter to the United States District Court for the District of Columbia," arguing that Section 7433 "specifically commands that the instant matter be filed in the district court of the United States" and therefore that this Court "has no statutory authority to hear the matter." He asks the Court to "remand the matter to the district court of the United States." Mr. Rose has misread the statute. Section 7433 provides that an aggrieved plaintiff may file an action "in *a* district court of the United States," 26 U.S.C. § 7433 (emphasis added), not "in *the* district court of the United States." The United States District Court for the District of Columbia, where Mr. Rose filed this

action is one of many district court[s] of the United States." See id. The Clerk of the court did not "convert" the matter to this particular district court; Mr. Rose elected to file it here. Thus, the Court denies his request to remand the action to "the district court of the United States." If Mr. Rose wishes to prosecute this matter in another forum, he is free to dismiss the action in this Court and refile it in another.

Mr. Rose further filed a "Motion to Submit for Decision" in which he "request(s) [sic] that the clerk of the court submit the following pleadings to the court for decision: Plaintiff's Objection to conversion. Plaintiff's order remand the matter back to the district court of the United States in Washington District of Columbia." This motion is unnecessary. The Clerk of the Court transmits all pleadings and filings to the Court for its consideration, without need for a motion requesting that it do so. Therefore, plaintiff's Motion to Submit for Decision is moot, as the Court already has received and considered his objection to conversion and proposed order for remand. For these reasons, it is hereby

ORDERED that plaintiff's request to remand the action [5] is DENIED; and it is

FURTHER ORDERED that plaintiff's motion to submit for decision [5] is DENIED as MOOT.

SO ORDERED.

_____\s\_____
PAUL L. FRIEDMAN
United States District Judge

DATE: November 30, 2005